IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CIVIL ACTION NO. 24-cv-00296**

SECURITIES AND EXCHANGE COMMISSION

**1617 JFK Blvd, Suite 520 Philadelphia, PA 19103**

Plaintiff

v.

XUE SAMUEL LEE,
a/k/a "Sam" LEE

**C/o P O Box 4609 Dubai, United Arab Emirates**

The First Defendant

**MOTION TO VACATE**
**DEFAULT JUDGMENT**

THE FIRST DEFENDANT'S REPLY TO PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT AND JURIDICTIONAL CHALLENGE



COMES NOW, the First Defendant, Xue Sam Lee, respectfully files this Reply and Defence to the Plaintiff's Application for Default Judgment and Motion to Vacate Default Judgment under Rule 55(c) of the Federal Rules of Civil Procedure. In support of this Reply, First Defendant states as follows:

**INTRODUCTION**

1. The First Defendant, Xue Samuel Lee (hereinafter referred to as "First Defendant" or "Defendant"), submits this reply in opposition to the Plaintiff's Application for Default Judgment and to raise a challenge to this Court's jurisdiction over the First Defendant. The reply is filed exclusively on behalf of the First Defendant and does not represent or respond on behalf of any other Defendant in this action. The First Defendant respectfully requests that the Court deny Plaintiff's application for default judgment against the First Defendant and dismiss this action for lack of personal jurisdiction and Defects In Service Of Process – "mistake" Under Maryland Rule 2-535(b) as applied in Phlonda Peay v. Peginald Barnett case no. 1726, September term, 2016, Court of Special Appeals Maryland.

2. The Plaintiff, the Securities and Exchange Commission, has failed to establish sufficient grounds for this Court to exercise jurisdiction over the First Defendant; the Plaintiff has only demonstrated jurisdiction in its pleadings over the Second Defendant. The Plaintiff has failed to located the Second Defendant, noting the Second Defendant's address incorrectly as Australia, later trying to serve papers on an address in Sobha Hartland, One Park Avenue, Dubai, United Arab Emirates and the serving notice to attorney's known the First Defendant by way of email via the Notary Public of an Arabic translation of the "Complaint" herein. The attorney not being authorised to accept service.

3. The attempts by the Plaintiff to serve the Complaint on the First Defendant not only out of State but out of Country demonstrate that the Plaintiff was fully aware that the First Defendant was not present in the State of Maryland or the United States of America at the date of filing the Complaint to present.

4. While the First Defendant does not provide a full defense at this stage, the Defendant vehemently denies all allegations set forth in Plaintiff's Complaint, in part due to the same reasons the First Defendant disputes Jurisdiction.

5. Rule 55(c) allows a court to "set aside an entry of default for good cause. . ." Here, good cause exists to set aside the default judgment because the Court lacked subject matter jurisdiction over the case. The Supreme Court has repeatedly affirmed that federal courts have limited jurisdiction, restricted to the powers conferred by the Constitution and federal statutes. *Gunn v. Minton, 568 U.S. 251, 256 (2013) Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 373, 377 (1994).*



6. In this case, the SEC has failed to establish the First Defendant connection with the United States, let alone the State of Maryland sufficient to establish personal jurisdiction. As a result, the Court lacks jurisdiction over the dispute.

7. The First Defendant notes the procedural history of this case, including records of the notices of service of the complaint dated January 29, 2024 and the entry of default judgment on December 6, 2024. As stated above, the First Defendant states that the methods of service of the Complaint, considering the nature and seriousness of the allegations being made by the Plaintiff, warranted the Plaintiff to clearly follow the correct diplomatic channels for service of the Complaint. The failure follow the correct diplomatic process as noted by the First Defendant's false incarceration for 60 days in the Dubai Central Jail Al Awir under a Red Notice filed through Interpol by the US Government, which could not be supported resulting in the First Defendant's release from custody without charge clearly demonstrates the defects In Service Of Process of the Complaint– "mistake" Under Maryland Rule 2-535(b).

8. The First Defendant notes that the difficulties it has faced with the filing of this response due to the lack of instructions accompanying the documentations which were filed by the Plaintiff to be in the attempted service on the First Defendant.

9. Therefore, the Default judgment is an extreme measure that should not be granted where there is a lack of proper service and the Defendant has not been afforded a fair opportunity to respond.

10. Further, the First Defendant challenges the Court's jurisdiction over the matter, as the First Defendant lacks sufficient contacts with the United States to establish personal jurisdiction under applicable legal standards.

**BACKGROUND**

11. The First Defendant is and has never been at any time during the period in question as per the Complaint or in the period no less than five years leading up to the Complaint a tourist, resident, citizen, or domiciliary of the United States.

12. The First Defendant is and has been a resident of the United Arab Emirates, does hold an Australian Passport, and has resided in a number of Asian Countries.

13. The First Defendant does not own, operate or have control of any business within the United States whether directly or indirectly, nor does the First Defendant maintain any U.S based bank accounts directly or indirectly or maintain any other financial ties to the jurisdiction, directly or indirectly.



**ARGUMENTS PRESENTED BY THE FIRST DEFENDANT**

**I. Lack of Personal Jurisdiction**

14. Pursuant to the Due Process Clause of the U.S. Constitution, the exercise of personal jurisdiction over a non-resident Defendant requires minimum contacts with the forum. *International Shoe Co. v. Washington, 326 U.S. 310 (1945).*

15. The First Defendant has no "minimum contacts" with the United States sufficient to establish personal jurisdiction.

*Specifically:*

a. The First Defendant has not conducted business in the United States.
b. The First Defendant does not own property or maintain assets within the jurisdiction.
c. The First Defendant has not engaged in any acts that would purposefully avail him of the benefits and protections of U.S. laws.

16. At the Plaintiff's Motion filed on 29 January 2024 which fails to substantiate jurisdiction over the First Defendant, which the Defendant points out in the following paragraphs:

*At Paragraphs 10-11:*
*10. The Court has subject matter jurisdiction over this action pursuant to Sections 20(b), 20(d), and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(b), 77t(d), and 77v(a); and Sections 21(d) and 27(a) of the Exchange Act, 15 U.S.C. §§ 78u(d) and 78aa(a).*

*11. The Court has personal jurisdiction over Defendants and venue is proper in this District pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a), because, among other things, <u>Chunga resided and/or listed her legal residence in Maryland</u> for all or a substantial portion of the time <u>she was engaged</u> in promoting the scheme, many of the Defendants' acts and transactions constituting violations of the Securities Act and the Exchange Act occurred in this District, and <u>many of the harmed victim investors resided in this District</u> during the relevant time.*

17. The Plaintiff asserts jurisdiction is solely based on co-defendant Chunga's residence and activities in Maryland, but the Plaintiff fails to make any reference to the connection with the First Defendant and Maryland or the residence of the co-defendant, and the Plaintiff does not connect the First Defendant's actions to the investors, Maryland or the U.S. directly.

18. At Paragraph 12:



*12. In addition, this Court has jurisdiction because some or all of the Defendants engaged in conduct within the United States that constituted significant steps in furtherance of the violations of the federal securities laws alleged in this Complaint.*

19. The Plaintiff claims jurisdiction because <u>some or all</u> Defendants engaged in conduct within the U.S, but fails to provide specific factual details of which Defendants, knowing that it is only the Second Defendant that engaged in the conduct and the Plaintiff is trying to drag the First Defendant's into the action indirectly to establish minimum contact. Such wording is misleading, only the Second Defendant could engage in conduct within the US as only the Second Defendant was in the US, at all times during the period prescribed by the Plaintiff the First Defendant was in the UAE or traveled to Asia.

20. At Paragraph 13:

*13. In connection with the conduct alleged in this Complaint, Defendants, directly and indirectly, singly or in concert with others, have made use of the means or instrumentalities of interstate commerce, the means or instruments of transportation or communication in interstate commerce, the mails, and/or the facilities of a national securities exchange – namely, through the Defendants' use of the Internet when engaging in the acts and transactions described herein.*

21. The Plaintiff references interstate commerce and Internet usage broadly, without demonstrating how the First Defendant's activities targeted or were directly linked to Maryland or the United States.

22. The Plaintiff's allegations, as outlined in the Complaint, fail to demonstrate any specific factual basis connecting the First Defendant to the jurisdiction.

## II. Default Judgment Must Be Vacated

23. A default judgment entered without jurisdiction is void.

24. Under Rule 55(c) of the Federal Rules of Civil Procedure, the Court may set aside an entry of default for good cause, including lack of jurisdiction.

25. The First Defendant's failure to file a responsive pleading was not the result of willful neglect but rather due to the failure of the Plaintiff in the first instance to serve the notice of the Complaint, only to falsely incarcerate the First Defendant under an Interpol Red Flag where the First Defendant was held for 60 days without any ability to review any papers until after release at which point the default judgment had been filed and the Plaintiff having been released and not deported under the Red Notice now held a reasonable belief that jurisdiction was lacking.

26. The First Defendant has a meritorious defense to the allegations in the Complaint, including the lack of personal jurisdiction.



**RELIEF REQUESTED**

WHEREFORE, the First Defendant respectfully requests that this Honorable Court:

1. Deny Plaintiff's Application for Default Judgment;
2. Vacate the default Entry of Default entered on December 6, 2024;
3. Dismiss the Complaint against the First Defendant for lack of personal jurisdiction;
4. Dismiss the Commission's request for Civil Penalty, Injunction, and Jury Trial for the lack of jurisdiction and
5. Grant such other and further relief as the Court deems just and proper.

**Respectfully submitted,**
XUE SAMUEL LEE,
C/o P O Box 4609
Dubai,
United Arab Emirates
samxuelee@outlook.com

**6 January 2025**

