IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CIVIL ACTION NO. 24-cv-00296

SECURITIES AND EXCHANGE COMMISSION

1617 JFK Blvd, Suite 520 Philadelphia, PA 19103

Plaintiff

v.

XUE SAMUEL LEE,
a/k/a "Sam" LEE

C/o P O Box 390106 Dubai, United Arab Emirates

The First Defendant

THE FIRST DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

**THE FIRST DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

The First Defendant, Xue Samuel Lee ("Defendant"), appearing pro se, and pursuant to the Court's Order dated September 30, 2025 and scheduling order Document 26, hereby files this Answer to the Plaintiff's Complaint filed on January 29, 2024 (the "Complaint"), and in support thereof states as follows:

**INTRODUCTION**

1. The First Defendant, Xue Samuel Lee (hereinafter referred to as **"First Defendant" or "Defendant"),** submits this Answer to the SEC's complaint and to raise a challenge to this Court's jurisdiction over the First Defendant.

2. This reply is filed exclusively on behalf of the First Defendant and does not represent or respond on behalf of any other Defendants in this action. The First Defendant respectfully requests that the Court deny Plaintiff's Complaint and associated claims.

3. The Plaintiff, the Securities and Exchange Commission, has failed to establish sufficient grounds for this Court to exercise jurisdiction over the First Defendant; the Plaintiff has only demonstrated jurisdiction in its pleadings over the Second Defendant, namely Brenda Indah Chunga.

4. Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, the First Defendant denies each and every allegation in the Complaint, except to the extent expressly admitted herein.

5. The Defendant further denies that he violated any provision of the Securities Act and the Exchange Act or any related SEC rule or regulation.

**BACKGROUND**

6. The First Defendant, Xue Samuel Lee, is a resident of the United Arab Emirates (UAE) holding a Residence Visa from 10 August 2021 under UID number 203824315 and Emirates ID from 10 August 2021 and under EID Number 784-1988-8441474-3 and has been a permanent resident of the United Arab Emirates at all relevant times during that

period, he has not travelled to the US at any time during the period specified by the SEC when the alleged offences took place between June 2020 until present day. Immigration records will confirm that the First Defendant was at all times physically located outside the United States and did not at any time enter the United States during this period or before this period, and he was primarily resident in the UAE for the period stated above, with travel to and from Asia.

7. The Plaintiff, the Securities and Exchange Commission ("SEC"), has applied a scattergun approach to this litigation in its attempt to find any party culpable for wrong doing related to the investments which it admits at paragraph 6 of the Complaint emanate from litigation against "Chunga (known online by her nickname "bitcoin beautee") was one of HyperFund's top promoters and arguably the face of its United States presence".

8. The Plaintiff accordingly, filed its Complaint against multiple defendants, including the First Defendant and "Chunga" formally the Second Defendant, alleging violations of the Securities Act and the Securities Exchange Act.

9. Default judgment was entered against the First Defendant in absenstia. The First Defendant submitted a motion to vacate default judgment on 6 January 2025.

10. Subsequently, the Court accepted the First Defendant's plea and struck off the Default Judgment on 30 September 2025, allowing the First Defendant to now respond to the Complaint within the stipulated deadline on or before 29 October 2025.

11. The First Defendant maintains as per paragraph 6 above that he has never conducted business in the United States, does not own property or maintain assets in the United States, and has not engaged in any acts purposefully directed at the United States. The First Defendant was not an associate or partner of Chunga, the previous Second Defendant. The First Defendant was not involved in, nor gave any consent to, any of "Chunga's recruitment efforts through online seminars and videos included the typical promotional ruses associated with fraudulent multi-level marketing schemes" as per the Plaintiff's allegations in Paragraph 6 of the Complaint and the Plaintiff is put to strict evidence to prove otherwise.

12. The First Defendant is aware through public documents that the Second Defendant, aka Chunga, agreed to settle with the SEC immediately after the issue of the Complaint (the order is subject to court approval) with an indication from public records that the settlement includes her being permanently enjoined from future violations of the charged provisions, and she is to pay disgorgement and civil penalties (amounts to be determined).

**SUMMARY**

13. The First Defendant notes the Plaintiff's allegation that there was a fund known collectively herein as "HyperFund." in the US, that the First Defendant was connected to in the US, and that the First Defendant was the operator of, and that the First Defendant somehow used to raise over $1.7 billion from victims worldwide, including millions from U.S. investors.

14. The First Defendant puts the Plaintiff to strict proof to demonstrate the ownership by the Defendant in the US of said Fund or Funds, the locations of said Bank Accounts or Crypto Accounts in the name of said fund or funds linked directly to the First Defendant. The First Defendant puts the Plaintiff to strict proof that the First Defendant had any authority over any bank account or Crypto account domiciled or under the jurisdiction of the US as per the cited sections of the Securities Act or Exchange Act.

**JURISDICTION AND VENUETHE FIRST DEFENDANT'S AFFIRMATIVE DEFENSES**

15. **First Affirmative Defense - Lack of Personal Jurisdiction**
16. As per Paragraph 6 and 11 above this Court lacks personal jurisdiction over the Defendant on the basis that the Defendant being an individual is only alleged by the Plaintiff to have any involvement with the previous Second Defendant, aka Chunga, though circumstantial evidence which is state in the summary as him being:

"<u>one of the Founders</u> of the HyperTech Group a purported blockchain technology conglomerate launched HyperFund in June 2020"[1] (paragraph 2 Complaint)

"Lee was centrally involved with HyperFund throughout its lifecycle. Lee was a co-founder of HyperTech Group, which claimed to be involved in "Large Scale Crypto Mining,"[2]

"Lee was also featured prominently during HyperVerse's launch event, and he even claimed to be helping to resurrect HyperVerse after its collapse, as a way of recouping investor losses."[3]

"Lee knew or recklessly disregarded that the presentations used by the promoters, <u>like Chunga</u>, included false statements. Lee also made statements to investors that were misleading by omitting material information about the nature of the business."[4]

17. In order for the Federal Court to have jurisdiction over an Individual being litigated against pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a) there should sufficient contacts, acts or effects in that district or more broadly in the US to make it fair for the case to be heard there. .

18. The Plaintiff has already stated that there were many "Founders" of HyperTech Group and it was a purported blockchain technology conglomerate. Yet the Plaintiff has not proven with certainty it was the Defendant, Mr. Xue Sam Lee, that the Second Defendant, Chunga had any relationship or communication with, or that the Defendant, Mr. Xue Sam Lee was the recipient of the funds, responsible to the US investors, responsible for the marketing. If there were allegedly several Founders, why has the Plaintiff singled out Mr Xue Sam Lee, as the party responsible, or is the Plaintiff trying to

---

[1] [paragraph 2 Complaint]
[2] [paragraph 5 Complaint]
[3] [paragraph 5 Complaint]
[4] [paragraph 8 Complaint]

any party to litigate against without understanding who is responsible for HyperFund and who benefited.

19. The Defendant is a resident of the United Arab Emirates and has never resided in or conducted business within the United States.

20. The exercise of personal jurisdiction over a foreign national requires a showing that the Defendant's conduct created a foreseeable and direct effect within the United States and that the Defendant purposefully availed himself of the benefits of U.S. laws. The Plaintiff has failed to make such a showing for the First Defendant.

21. The Court lacks personal jurisdiction over the First Defendant because the First Defendant is not a resident of the United States and has no minimum contacts with the forum necessary to establish jurisdiction under the Due Process Clause of the U.S. Constitution. As established in International Shoe Co. v. Washington, 326 U.S. 310 (1945).

22. Specifically:

22.1    The First Defendant has never conducted business in the United States.

22.2    The First Defendant does not own property or maintain assets within the United States including Bank Accounts or Crypto Facilities.

22.3    The First Defendant has not engaged in any acts purposefully directed toward the United States or otherwise availed himself of U.S. laws.

22.4    The Plaintiff's allegations regarding co-defendant Chunga's residence in Maryland do not create personal jurisdiction over the First Defendant as stated in Paragraphs 10–13 of the Complaint assert jurisdiction and venue based on co-defendant Chunga's Maryland residence but identify no conduct by the First Defendant within the United States.

22.5    Plaintiff's references to "conduct within the United States" or use of the Internet are generalized and fail to demonstrate a connection to the First Defendant.

23. Accordingly, the Complaint should be dismissed in its entirety against the First Defendant for lack of personal jurisdiction.

24. Moreover, the Defendant asserts that maintaining this action against him would be inconsistent with "traditional notions of fair play and substantial justice," as required by the Due Process Clause of the Fifth Amendment and the standards established under International Shoe Co. v. Washington, 326 U.S. 310 (1945), and Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985).

**Affirmative Defense - Improper Venue**

25. The First Defendant further asserts that the venue chosen by the Plaintiff is improper under 28 U.S.C. § 1391(b) and Rule 12(b)(3) of the Federal Rules of Civil Procedure.

26. Venue in this action is improper because none of the statutory bases for venue under § 1391(b) are satisfied:

    26.1 **Residency (28 U.S.C. § 1391(b)(1)):**

    26.2 The First Defendant is not a resident of the United States. The First Defendant is domiciled in the United Arab Emirates, and therefore cannot be deemed to reside in any U.S. judicial district for venue purposes.
    Moreover, the Defendants are not all residents of the same state, and therefore this category does not apply.

    26.3 **Location of Events or Property (28 U.S.C. § 1391(b)(2)):**
    The Plaintiff fails to demonstrate that a substantial part of the events or omissions giving rise to the claim occurred in this District.
    Any alleged conduct by co-defendants within the U.S. cannot be imputed to the First Defendant absent specific factual allegations, which are lacking.

    26.4 **Personal Jurisdiction Fallback (28 U.S.C. § 1391(b)(3)):**
    This fallback provision applies only if there is no other proper venue under (b)(1) or (b)(2), and the defendant is subject to personal jurisdiction in the district.

As set out in the preceding section on Lack of Personal Jurisdiction, the First Defendant is not subject to personal jurisdiction in the United States or in this District. Accordingly, venue cannot be sustained under this category either.

27. Because none of the categories of § 1391(b) are satisfied, the Plaintiff's chosen venue is improper.

28. Under 28 U.S.C. § 1406(a) and Rule 12(b)(3), the Court should dismiss the Complaint in its entirety, or alternatively, transfer it to a proper venue (which, in this case, would be none within the United States, given the absence of jurisdiction).

29. Venue cannot be established based solely on the residence or activities of co-defendant Chunga in Maryland. The Plaintiff's attempt to impute those acts to the First Defendant is factually unsupported and legally insufficient under established venue and jurisdictional principles.

## RELIEF REQUESTED

WHEREFORE, the First Defendant respectfully requests that this Honourable Court:

30. Dismiss the Complaint in its entirety for lack of personal jurisdiction against the First Defendant;
31. Deny any relief sought by the Plaintiff against the First Defendant;
32. Award the First Defendant such other and further relief as the Court deems just and proper.

**Respectfully submitted,**
XUE SAMUEL LEE,
C/o P O Box **390106**
Dubai,
United Arab Emirates
samxuelee@outlook.com

**29 October 2025**