IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>XUE SAMUEL LEE,<br>a/k/a "Sam" LEE<br><br>Defendant. | CIVIL NO. 24-cv-00296-ABA |

**APPLICATION OF UNITED STATES TO INTERVENE AND STAY PROCEEDINGS**

The United States of America, by and through its attorneys, states the following in support of its application to intervene in this matter pursuant to Rule 24 of the Federal Rules of Civil Procedure and to stay this case pending the resolution of parallel criminal prosecutions. In support of this motion the Government states as follows:

1. On January 25, 2024, a grand jury in the District of Maryland returned an indictment charging Defendant Xue Samuel Lee, a/k/a Sam Lee, with one count of conspiracy to commit wire fraud and securities fraud, in violation of 18 U.S.C. § 371. *See United States v. Sam Lee*, Case No. 1:24-cr-00021-RDB, ECF No. 1. On December 5, 2024, the grand jury returned a superseding indictment charging the Defendant with conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371; and with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. *See id.* at ECF No. 8.[1]

2. On January 29, 2024, the Securities and Exchange Commission ("SEC") filed this civil action against Defendant Xue Samuel Lee, a/k/a Sam Lee. ECF No. 1. The Complaint alleges various violations of the securities laws stemming from the Defendant's operation of a scheme

---

[1] The criminal matter is assigned to U.S. District Judge Richard D. Bennett. A scheduling Order in the criminal case has not yet been entered.

1

through a series of projects known collectively as "HyperFund." Specifically, the complaint alleges that Lee was a co-founder of the HyperTech Group, which from June 2020 through May 2022 operated HyperFund, a global, crypto asset-related multi-level-marketing and Ponzi scheme that raised over $1.7 billion from victims worldwide. According to the SEC's complaint, HyperFund offered purported "membership" packages promising exorbitant passive returns, supposedly derived in part from HyperFund's crypto asset mining operations. Among other representations, HyperFund promised returns of 0.5% to 1% per day, with the prospect of tripling one's initial investment in 600 days. HyperFund also implemented a pyramid scheme-like referral system to reward existing members for recruiting new investors.

3. Similarly, the superseding indictment alleges that in June 2020, the Defendant co-founded HyperFund, which was a pyramid and Ponzi scheme. According to the superseding indictment, the Defendant and his co-conspirators falsely represented that HyperFund was a legitimate investment opportunity, promising that investors who purchases "memberships" would receive 0.5% to 1% daily in passive rewards until their investments were doubled or tripled. As alleged, HyperFund fraudulently claimed that its payments would be derived in part from its revenues from large-scale crypto mining operations, when in truth HyperFund did not have such operations.

4. The facts underlying the civil and criminal case overlap in critical ways. They cover the same time period and the same funds received from investors. Both the criminal case and the SEC's civil action focus on the Defendant's actions during the same time period. The representations or misrepresentations made to investors and prospective investors and the true expenditures are all part of the same conduct and the same fact pattern.

5. Many of the witnesses in this civil action will also be witnesses in the criminal case. For instance, many of the investors are likely to be witnesses in each case.

6. Additionally, two related criminal prosecutions are currently proceeding in this District. One is scheduled for trial before U.S. District Judge Richard D. Bennett on March 2, 2026. *See United States v. Rodney Burton*, Case No. 1:24-cr-00034-RDB. In a second related prosecution, the defendant has pleaded guilty and is awaiting sentencing. *See United States v. Brenda Chunga*, Case No. 1:24-cr-00001-RDB. The defendants in those cases promoted HyperFund, and the prosecutions involve common questions of fact and witnesses.

7. Pursuant to Federal Rule of Civil Procedure 24, upon timely application, a third party may intervene as of right in an action when "an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b). Where, as here, a civil action shares the same common questions of fact as parallel criminal proceedings, courts have allowed the United States to intervene and have granted a stay in the civil action. *See, e.g.*, *SEC v. Haithcock*, Case No. 1:24-cv-02585-JRR (D. Md.), ECF No. 7; *Bureerong v. Uvawas*, 167 F.R.D. 83, 85-86 (C.D. Cal. 1996) (allowing United States to intervene under Rule 24(b) for the limited purpose of seeking a stay of discovery); *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1009 (S.D.N.Y. 1992) (same); *Bridgeport Harbour Place I, LLC v. Ganim*, 269 F. Supp.2d 6, 8 (D. Conn. 2002) (granting United States' motion to intervene finding that the parallel criminal and civil actions involved common questions of fact and law).

8. In this case, the Government's motion was filed at an early stage of the civil litigation. The Defendant has answered the SEC's complaint, *see* ECF No. 27, but discovery has not yet commenced. Moreover, the criminal proceedings and the civil action here involve common questions of fact, such as whether the Defendant intentionally defrauded investors out of their

money based on misrepresentations. As such, the United States should be permitted to intervene under Federal Rule of Civil Procedure 24(b).

9. The Government further requests that the Court order that civil discovery be stayed. This Court has the discretionary authority to stay a case if the interests of justice so require. *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Maryland v. Universal Elections*, 729 F.3d 370, 379 (4th Cir. 2013) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Federal courts defer civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seem to require such action. *See Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 530 (S.D. W. Va. 2005) (collecting cases).

10. The Government believes that permitting the civil discovery process to move forward in this case will interfere with the integrity of the criminal process, both in this case and in related cases, and possibly have an improper impact on the success of the criminal prosecutions. *See, e.g.*, *S.E.C. v. Nicholas*, 569 F. Supp. 2d 1065, 1071-72 (C.D. Cal. 2008) (noting that a stay of a civil SEC proceeding is appropriate to maintain the integrity of the criminal discovery mechanisms, which are "designed to protect the integrity and truth-seeking function of the criminal process"). Thus, the Government respectfully requests that this proceeding be stayed to prevent circumvention of the Rules of Criminal Procedure and to preserve the integrity of the criminal case.

11. The SEC does not oppose the stay of this proceeding. The Defendant has not appeared in the criminal action, but it is the Government's position that the Defendant will not be prejudiced by the delay the Government seeks.

WHEREFORE, the United States respectfully requests to intervene and for an order staying this proceeding pending the resolution of the criminal case.

Dated: November 19, 2025

                                          Respectfully submitted,

                                          Kelly O. Hayes
                                          United States Attorney

                            By: _____/s/_____
                                Spencer L. Todd
                                Christina A. Hoffman
                                Assistant United States Attorneys